Filed 7/28/14  In re X.H. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re X.H., a Person Coming Under the Juvenile Court Law. | B253504 (Los Angeles County Super. Ct. No. CK87594) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KAREN R.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Annabelle Cortez, Judge.  Affirmed.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Assistant County Counsel, Jeanette Cauble, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

Karen R. (Mother) appeals from the order terminating her parental rights over her child, X.H., born in March 2012. The sole issue on appeal is whether the order should be reversed because the court erroneously denied Mother and X.H. reunification services. (See *In re Albert T.* (2006) 144 Cal.App.4th 207, 210, 222.) We affirm the order terminating parental rights.

## FACTS AND PROCEEDINGS BELOW

X.H. was born prematurely with several significant physical problems. Although X.H. did not test positive for illegal drugs at birth, the Department of Children and Family Services (DCFS) took her into custody because her one-year-old brother Kevin had been declared a dependent child due to his being born with drugs in his system and based on evidence that Mother was a current drug user.

At the detention hearing in March 2012, the court ordered the DCFS to provide Mother and X.H. with family reunification services; to provide Mother with the medical training she needed to care for X.H.; and to arrange weekly random drug testing for Mother. The record does not show that DCFS provided Mother with the court-ordered reunification services or medical training.

The jurisdictional hearing for X.H. and the permanency planning hearing for X.H.'s brother Kevin were held together in January 2013. Mother did not attend.

The court terminated reunification services and Mother's parental rights with respect to Kevin.

The court sustained the dependency petition as to X.H. under Welfare and Institutions Code section 300, subdivision (b)[1] on the ground that Mother's methamphetamine use rendered her incapable of providing regular care to her daughter. Following that ruling, the DCFS asked the court to deny Mother family reunification services with X.H. on the ground that reunification services and parental rights over X.H.'s sibling, Kevin, had been terminated and Mother had "not made a reasonable effort

---

[1] All statutory references are to the Welfare and Institutions Code.

2

to treat" her drug addiction.  (§ 361.5, subdivision (b)(10) and (11).)  The court continued X.H.'s dispositional hearing to a date later that month in order to consider the DCFS request to deny Mother reunification services with X.H.  (§ 358, subd. (a)(3).)

At the dispositional hearing, which again Mother did not attend, both sides submitted evidence on the issue of whether Mother had made a "reasonable effort" to deal with her drug addiction.  The evidence consisted of DCFS reports and reports from Mother's drug counseling program and a drug testing laboratory.  The reports included the period from the detention of X.H.'s brother, Kevin, in June 2011 to September 2012, the date of the last DCFS report.

The evidence showed that between June 2, 2011 and July 25, 2011, Mother failed to appear for six drug tests and tested positive for methamphetamine on the only test she took.  Between August 2, 2011 and April 3, 2012, Mother tested negative 12 times, did not appear four times and tested positive for methamphetamine once.  In May 2012, Mother completed a parenting program.  In June 2012, Mother's case worker at the drug rehabilitation program reported that she had "made considerable progress over the past 2 month[s] and appears focused on improving her attitude, behavior and strengthening her recovery."  (Underlining and boldface omitted.)  In July 2012, the case worker wrote to the DCFS that Mother "actively participates in group and individual counseling sessions."  A report of her random drug tests between April 2012 and June 2012 showed that nine were negative and one was a "No Show."  In August 2012, Mother's drug counseling program reported to the DCFS that Mother had "completed all program requirements."  Two days later the program withdrew its completion report after learning that Mother had failed to appear for testing nine out of eleven times between June 4, 2012 and August 21, 2012.  Neither the DCFS nor Mother submitted any evidence of Mother's drug rehabilitation activities for the five-month period between August 2012 and the hearing on reunification services in January 2013.

After admitting the reports described above and hearing argument by counsel for Mother, X.H., and the DCFS, the court declined to order reunification services for

Mother and X.H. The court's minute order states that the court found "by clear and convincing evidence" that Mother "has not made a reasonable effort to treat the problems that led to the removal of" X.H.'s sibling, Kevin. The court set a date for a permanency planning hearing under section 366.26.

At the permanency planning hearing in November 2013, the court terminated Mother's parental rights as to X.H. Mother filed a timely appeal from the order.

## DISCUSSION

The court denied family reunification services to Mother and X.H. under section 361.5, subdivision (b) which provides that reunification services need not be offered to the parent of a dependent child if, among other reasons, the court finds by "clear and convincing evidence" that reunification services for the child's sibling previously were terminated because the parent failed to reunify with the sibling (subd. (b)(10)) or if the parental rights of the parent over the sibling were permanently severed (subd. (b)(11)) *and* in either case finds that the parent "has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling."

Mother does not dispute that reunification services for X.H.'s brother Kevin were terminated because she failed to reunify with Kevin and that her parental rights over Kevin were permanently severed. Nor does she dispute that under these circumstances, failure to make a "reasonable effort" to treat her drug problem is a proper ground to deny services. Rather, she contends that the court denied reunification services not because she failed to make a "reasonable effort" to treat her drug abuse, a permissible ground, but instead because the court believed it was in the best interest of the child, an impermissible ground. She further contends that the court's error was prejudicial because the DCFS failed to present substantial evidence that would support a finding that she failed to make reasonable efforts to treat her drug problem. (Cf. *In re Albert T.*, *supra,* 144 Cal.App.4th at p. 221.) We disagree with both contentions.

First, the court did find the statutorily permissible ground existed: "Court finds by clear and convincing evidence . . . the parent or guardian has not made a reasonable

4

effort to treat the problems that led to the removal of [X.H's] sibling." *In re Albert T.*, *supra*, cited by Mother, is thus distinguishable. In that case the court made no oral or written finding on the issue of reasonable effort. (144 Cal.App.4th at p. 216 & fn. 4.)

Mother, however, contends we should ignore the finding because it is boiler plate language contained in a court form which is contradicted by the court's comments during the hearing. There, the court explained that it was denying family reunification services because of Mother's "total lack of commitment to the child." The court lamented Mother's failure to regularly visit X.H. or to "call[] regularly to find out how she was [or do] any one thing that shows some commitment to this child." The court stated that if Mother had visited or called the foster family or come to court to find out how the child was it "would show me some interest or show that it might be in [X.H.'s] best interest to defer by giving some family reunification services; [b]ut I don't see the basis that it would benefit this child whatsoever. . . . So I am going to deny [family reunification] services as the Department has indicated and I don't think that it's in the child's best interest." The court's only reference to Mother's effort to overcome her drug problem was its observation: "She made some progress, glad to see it in her programs" after which the court immediately returned to its theme of Mother's failure to call or visit her child.

It does not follow that because the court chose to orally express its dismay over Mother's apparent lack of concern regarding her physically impaired child, the court failed to consider the extent of Mother's effort to treat her drug problem. The court had before it all the reports the parties deemed relevant to the issue and the court's familiarity with these reports is shown by its correcting County Counsel during oral argument as to one of the dates in a report. In addition, the court heard argument on the "reasonable efforts" issue from counsel for X.H., DCFS and for Mother.

Second, substantial evidence supports the court's finding that Mother failed to make a reasonable effort to treat her drug problem.

In assessing a parent's efforts to overcome the problem that led to the removal of a child's sibling, the juvenile court considers the duration, extent, and context of the parent's effort and the degree of progress. (*R.T. v. Superior Court* (2012) 202 Cal.App.4th 908, 915.) The parent is not required to have resolved the problem, only to have made a "reasonable effort" in that direction. (*In re Albert T.*, *supra*, 144 Cal.App.4th at p. 221.)

Here, the record shows that from June 2011, the date X.H.'s brother Kevin was removed from Mother's custody, to January 2013, the date of the reunification services hearing, Mother tested positive for methamphetamine twice and failed to appear for random drug tests on numerous occasions. (See discussion at p. 4, *ante*.) She was terminated from her drug counseling program in September 2011 but reinstated two months later. Mother's drug counseling program reported to the DCFS that Mother made "considerable progress" between April and June 2012. In August 2012 the program reported that Mother had completed all program requirements only to withdraw that report after learning that Mother had failed to show up for eight consecutive tests between July and August 2012. Finally, there was no evidence of any effort by Mother to treat her drug problem between August 2012 and the date of the hearing, January 2013.

From this evidence, the court reasonably found that Mother's inconsistent drug testing in the past and her most recent failure to drug test for the preceding seven months, in violation of the rules of her program, evidenced a lack of reasonable effort to treat her drug problem.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.

MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.